BEBEE BOOTH *et al.*, Plaintiffs in Error, *v.* GEORGE W. RIVES, Defendant in Error.

### ERROR TO EDGAR.

The Supreme Court will not reverse a judgment as being against evidence, unless the finding of the jury is clearly so.

THIS was an action of assumpsit brought by Rives against Martin and Booth. Plea, non-assumpsit. Jury waived. Trial by the court, HARLAN, Judge, presiding, at October term, 1853, of the Edgar Circuit Court.

On the trial the plaintiff proved by Robert M. Rhae that from the first of June to the first of September, 1847, plaintiff was absent from home. That plaintiff and witness owed a joint note, falling due first August of that year; plaintiff's part of said note being seven hundred dollars or more. Plaintiff, when he left home, left the money to pay his part of the note, or the greater part of it, with his wife, and directed witness to call on her when the note became due, get the money and pay it off. A few days before the note became due, witness went to plaintiff's house together with defendant, Martin, who fell in company with him on the way. Witness only got from plaintiff's wife three hundred or three hundred and fifty dollars. Witness wanted more, but Mrs. Rives said that was all she had. On their way home witness spoke harshly of plaintiff, for having assured witness that his, plaintiff's, share of the money to pay the note was left with his wife, and when he called he could only get the amount he did. Defendant, Martin, replied to witness, " you should not blame Rives for that, he was owing us about six hundred dollars, we wanted the money ; since he left I went to his wife and got from her three hundred or three hundred and fifty dollars, (which sum witness cannot recollect, but believes it was three hundred and fifty,) on account, against Rives." Witness further testified that defendants were at that time, and before and since, partners in merchandise in Paris. Witness further testified that some years afterwards, he believed in 1851, but it might have been in the spring of 1850, witness and Rives settled their accounts, and among the rest the note aforesaid ; when, for the first time, he informed plaintiff of the amount of money he had got from Mrs. Rives, and that Martin had got the balance. Plaintiff further proved by George Harding that in the year 1848 he heard defendant, Martin, say " Rives was owing me, and I went to his house and got from his

wife some money." Defendant named the sum,—witness does not recollect the amount, but it was a considerable sum. Jonathan May testifies to the same statements made by defendant in 1850.

Plaintiff further proved by George Hoge that in 1847–8 and hitherto, he was a clerk in the store of the defendants. Plaintiff had frequent access to the books of the firm, and examined his own accounts previous to 1851; witness identified the books of the firm. Said books were introduced, and showed no credit in 1847 for $300 or $350, nor for any sum that year exceeding $200, (in February,) but the books showed a credit of $300 in February, 1848. This was all the plaintiff's evidence.

Defendants then proved by Newton Booth that in all the year 1847, and until April, 1848, he was a clerk in the store of defendants; was their book-keeper, and had daily access to the money drawer, books and accounts of the firm; that sometimes when defendants lent money to their friends, and the transaction was a short one, to be repaid in a few days, noted the amount on a slip of paper and dropped it in the money drawer as cash, and when the money was paid they tore up the slip of paper and no entry was made on the books; but sometimes such transactions were entered on the book.

That no such slip of paper could have been in the drawer, and escaped his notice, as he believed. That he had never heard of such slip of paper, or of the receipt of $300 or $350 for the year 1847, and the books showed no such transaction for that year. The first he had ever heard of any such transaction was from the witnesses on the stand at this trial.

The defendants proved by Thomas J. Martin that in February, 1851, he was present at a settlement between defendants, Martin and Rives, for house rent due to Martin individually. On settlement Rives fell in Martin's debt $32, for which he gave his note to Martin. Defendant, Martin, or the firm, it did not appear which, had bought a note on plaintiff, on which Robert Clark was security, which they held. The book account of plaintiff with the firm was then examined, afterwards the notes were sued on, and judgment obtained; the account and judgment against plaintiff were paid off; plaintiff, on the day of settlement had access to and did examine the books of the firm, but neither on that or any other occasion did he make any mention of the error of $300 or $350, as shown by the books.

Defendants proved by James Clark that in 1851 he heard plaintiff say that defendants knew he was embarrassed, and were crowding him too hard; he was able to pay, but wanted time; that they had better not crowd him so hard, there had

been large money transactions between them which had been loosely kept; that he had the advantage of them, and if they did not cease to oppress him, he would have his revenge.

The defendants proved by Robert Clark that in 1851 he heard plaintiff say that defendant, Martin, was oppressing him; that their money transactions had been kept very loosely, and that he had an advantage of defendant, Martin, but he would pay him off and be done with him. This was all the evidence in the cause on which a verdict was found for the plaintiff for $380; defendants thereupon moved for a new trial, which motion was overruled by the court, and judgment was rendered for plaintiff against defendants for $380 and costs; to which defendants excepted.

And the plaintiffs in error assign for error:

1st. That the court erred in overruling their motions for a new trial.

2nd. The court erred in finding for plaintiff in the court below and rendering judgment for him on the evidence in the cause.

3rd. The court erred in not finding for and rendering judgment in favor of the defendants in the court below.

S. T. Logan, for Plaintiffs in Error.

A. Lincoln, for Defendant in Error.

Caton, J. The controversy in this case is purely one of fact, and we think the finding of the court is sustained by the evidence. It is not controverted that the money sued for was received by the defendants below, of the plaintiff's wife, in 1847. And the proof is positive that it was not placed to the plaintiff's credit on the defendant's books at the time; and it is altogether probable that it never was. The weight of evidence clearly is, that the amount received was $350. Some six months after, there was placed to the defendant's credit $300; and in the course of the year other considerable sums; what these credits were for does not appear. It may or it may not be that this three hundred dollar credit was for the money got of Mrs. Rives, but we cannot say that it was so, nor is there any strong presumption that such was the case; and indeed we think the probability is the other way. The credit is for a less sum and at a much later period. Afterwards the parties had a settlement, and nothing was said about the money obtained from Mrs. Rives.

In 1847, when the plaintiff left home to be absent for some time, he left with his wife seven hundred dollars to pay his

12

share of a note which he had executed jointly with one Rhea, which was to fall due before the plaintiff was expected to return. Rhea was to call on the plaintiff's wife and get the money and pay the note. At the proper time he did call for the money, but Mrs. Rives said she had for him but three hundred and fifty dollars, which he got. When complaining of this, one of the defendants explained that he had previously got the other three hundred and fifty dollars of Mrs. Rives, and applied it on the indebtedness of the plaintiff to the defendants. Rhea never informed the plaintiff of this till their final settlement several years after, and long after the final settlement which had taken place between the plaintiffs and defendants, and at which no mention was made of this money obtained from Mrs. Rives, so far as we are informed. The probability that Rives was informed of this payment to the defendants on his return home and before his settlement with the defendants, is no doubt entitled to weight; and some vague threats made by the plaintiffs when complaining of the conduct of the defendants, are also entitled to consideration. But we do not think these entitled to such weight as to justify us in reversing the finding of the court below setting in the place of a jury. It is at any rate not that clear case of a finding against the evidence as the rule of law requires to justify this court in reversing the judgment.

The judgment must be affirmed.

*Judgment affirmed.*